**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Taylors Mill Events, LLC d/b/a Southern Bleachery and Lawrence Black, Appellants,

v.

Taylors Mill Development, LLC f/k/a Taylors Mill Development, LLP, Respondent.

Appellate Case No. 2022-001072

————————

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

————————

Unpublished Opinion No. 2025-UP-103
Submitted March 1, 2025 – Filed March 26, 2025

————————

**AFFIRMED**

————————

Elizabeth Halligan Black, of Haynsworth Sinkler Boyd, PA, of Columbia, for Appellants.

Michael Kevin McCarrell, of Fox Rothschild LLP, of Greenville; and Sarah M. Traynor, of Charlotte, North Carolina, both for Respondent.

————————

**PER CURIAM:**  Taylors Mill Events, LLC d/b/a Southern Bleachery and Lawrence Black (collectively, Appellants) appeal a trial court's order finding

Taylors Mill Development, LLC (TMD) f/k/a Taylors Mill Development, LLP, did not breach Paragraph 19 of the parties' lease agreement. On appeal, Appellants argue the trial court erred in: (1) construing Paragraph 19 of the subject lease as dependent on Paragraph 28 of that same lease; (2) concluding TMD did not hinder Appellants' use of the subject premises in violation of Paragraph 19 of the subject lease; and (3) concluding Appellants and TMD did not come to an adequate agreement under Paragraph 28 of the subject lease by mid-March 2019. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not err by finding Appellants failed to establish TMD breached the lease. Although Appellants contend the approval of Phase II construction was wrongfully conditioned on matters unrelated to the construction, there is evidence that reasonably supports the trial court's finding that TMD did not act in bad faith, including that the leveling of floors issue remained outstanding even at the time of trial. Thus, we also hold there was no agreement as of mid-March 2019. *See Middleton v. Eubank*, 388 S.C. 8, 14, 694 S.E.2d 31, 34 (Ct. App. 2010) ("A lease agreement is a contract, and an action to construe a contract is an action at law."); *Okatie River, L.L.C. v. Se. Site Prep, L.L.C.*, 353 S.C. 327, 334, 577 S.E.2d 468, 472 (Ct. App. 2003) ("In an action at law, tried without a jury, the appellate court standard of review extends only to the correction of errors of law."); *McGill v. Moore*, 381 S.C. 179, 185, 672 S.E.2d 571, 574 (2009) ("In an action at law, tried without a jury, the trial court's findings of fact will not be disturbed unless found to be without evidence which reasonably supports the court's findings."). Further, we hold the trial court did not err by finding a breach of Paragraph 19 of the lease was dependent on the approval of Phase II construction under Paragraph 28 of the lease. Although Appellants allege TMD acted outside of the scope of the lease by conditioning approval of Phase II construction on items unrelated to the leased premises which hindered Appellants' enjoyment of the leased premises, as discussed above, the remaining hindrances preventing quiet enjoyment were all related to whether there was approval of Phase II construction. The language in Paragraph 19 of the lease recognizes that other provisions of the lease may limit Appellants' right to quiet enjoyment of the premises. Here, Paragraph 28 of the lease requires a separate agreement between the lessor and lessee before improvements can be made, and no agreement was ever entered into between the parties. *See Middleton*, 388 S.C. at 14, 694 S.E.2d at 34 ("A lease agreement is a contract, and an action to construe a contract is an action at law."); *Okatie River, L.L.C.*, 353 S.C. at 334, 577 S.E.2d at 472 ("In an action at law, tried without a jury, the appellate court standard of review extends only to the correction of errors of law."); *McGill*, 381 S.C. at 185, 672 S.E.2d at 574 ("The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language.");

*Middleton*, 388 S.C. at 14, 694 S.E.2d at 34 ("When a contract's language is clear and unambiguous, the language alone determines the force and effect of the contract."); *Crenshaw v. Erskine Coll.*, 432 S.C. 1, 28, 850 S.E.2d 1, 15 (2020) ("A proper construction of a contract requires the court to give effect to specific terms over any general language.").

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.